# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 12-014V
Filed: June 18, 2014

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | UNPUBLISHED |
| CHELSEA D. BARR, parent and natural guardian of E.R.B., | Special Master Hamilton-Fieldman |
| Petitioner, | Petitioners' Motion to Dismiss Petition; |
| v. | Insufficient Proof of Causation; Vaccine Act Entitlement; Denial Without Hearing. |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * * | |

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for Petitioner,
Claudia Gangi, United States Department of Justice, Washington, DC, for Respondent.

## DECISION[1]

On January 6, 2012, Chelsea D. Barr ("Petitioner") filed a petition, on behalf of her child, E.R.B., for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.* (2006),[2] alleging that her child suffered from a seizure disorder, brain injury, neurodevelopmental disorder, and other medical conditions and symptoms, from the receipt of childhood vaccinations administered on October 13, 2008. Petition ("Pet.") at 3, ECF No. 1. The information in the record does not show entitlement to an award under the Program.

---

[1] The undersigned intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107 347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). As provided by Vaccine Rule 18(b), each party has 14 days within which to file a motion for redaction "of any information furnished by that party (1) that is trade secret or commercial or financial information and is privileged or confidential, or (2) that are medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of privacy." In the absence of such motion, the entire decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 *et seq.* (2006).

On June 18, 2014, Petitioner moved for a decision dismissing her petition, acknowledging that insufficient evidence exists to demonstrate entitlement to compensation.

To receive compensation under the Program, Petitioner must prove either 1) that E.R.B. suffered a "Table Injury"-i.e., an injury falling within the Vaccine Injury Table- corresponding to one of E.R.B's vaccinations, or 2) that E.R.B. suffered an injury that was actually caused by a vaccine. *See* §§ 13 (a)(1)(A) and 11(c)(1). An examination of the record did not uncover any evidence that E.R.B. suffered a "Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that E.R.B's alleged injury was vaccine-caused.

Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 13(a)(1).  In this case, because there are insufficient medical records supporting Petitioner's claim, a medical opinion must be offered in support. Petitioner, however, has offered no such opinion.

Accordingly, it is clear from the record in this case that Petitioner has failed to demonstrate either that E.R.B. suffered a "Table Injury" or that E.R.B's  injuries were "actually caused" by a vaccination.  **Thus, this case is dismissed for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

/s/ Lisa D. Hamilton-Fieldman
Lisa D. Hamilton-Fieldman
Special Master